**Opinion issued June 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-01061-CR

———————————

**ARLENE R. YORK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1466054**

---

## MEMORANDUM OPINION

Appellant, Arlene R. York, pursuant to an agreement with the State, pleaded

guilty to the felony offense of assault on a public servant.[1] On August 10, 2015, the

---

[1] *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (Vernon Supp. 2015).

trial court signed an order, deferring adjudication of appellant's guilt, placing her on community supervision for a term of four years, and assessing a fine of $400.00. The trial court certified that this is a plea-bargained case and appellant has no right of appeal. On December 11, 2015, appellant filed a *pro se* notice of appeal.

We dismiss the appeal.

We cannot exercise jurisdiction over an appeal without a timely filed notice of appeal. *See* TEX. R. APP. P. 26.2(a); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because the trial court signed the order of deferred adjudication on August 15, 2015, appellant's notice of appeal was due no later than September 14, 2015. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006); TEX. R. APP. P. 26.2(a); *see also Dillehey v. State*, 815 S.W.2d 623, 626 (Tex. Crim. App. 1991) (allowing appeal from order deferring adjudication of guilt). Appellant's notice of appeal, filed on December 11, 2015, was untimely, and we do not have jurisdiction to consider the appeal.

Moreover, the trial court's certification states that this is a plea bargain case and appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). "[I]n a plea-bargain case for deferred adjudication community supervision, the plea bargain is complete at the time the defendant enters [her] plea of guilty in exchange for deferred adjudication community supervision." *Hargesheimer v. State*, 182 S.W.3d 906, 913

(Tex. Crim. App. 2006). Accordingly, rule 25.2 restricts appeal when a defendant appeals placement on deferred adjudication community supervision. *Id.* Here, the record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss the appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

We dismiss the appeal for want of jurisdiction and dismiss as moot any pending motions.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.
Do not publish. TEX. R. APP. P. 47.2(b).